**Electronically Filed
Supreme Court
SCEC-12-0000716
27-AUG-2012
02:17 PM**

NO. SCEC-12-0000716

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

MARTIN HAN, Plaintiff,

vs.

JOEY MANAHAN, as an individual; ROMY M. CACHOLA; and
SCOTT T. NAGO, Chief Election Officer for the State of Hawai'i,
in his official capacity, Defendants.

---

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna and Pollack, JJ.)

We have considered the August 16, 2012 election complaint filed by Plaintiff Martin Han and the declaration and documents appended thereto, and the August 23, 2012 motion to dismiss filed by Defendant Scott Nago. Having heard this matter without oral argument and in accordance with HRS § 11-173.5(b) (2009) (requiring the supreme court to "give judgment fully stating all findings of fact and of law"), we set forth the following findings of fact and conclusions of law and enter the following judgment.

1. Plaintiff Martin Han ("Han") was one of three candidates for the District 7 seat on the Honolulu City Council in the August 11, 2012 first special election for the City and County of Honolulu, which was held on conjunction with the primary election.

2. The election results for the District 7 seat on the Honolulu City Council were: (1) Joey Manahan: 7,123 votes (51.0%); (2) Martin Han: 3,469 votes (24.8%); and (3) Lillian Hong: 1,784 votes (12.8%).

3. On August 16, 2012, Han filed a complaint challenging the election results. Han named Joey Manahan ("Manahan"), his opponent in the election, Romy Cachola ("Cachola"), the current District 7 councilmember who was unable to run for a seat on the Honolulu City Council due to term limits but ran as a Democratic candidate for the District 30 seat in the State House of Representatives, and Scott Nago ("Nago"), the chief election officer for the State of Hawaiʻi, as defendants. The record, however, is devoid of any evidence that the city clerk for the City and County of Honolulu was named a defendant.

4. Han contends that Manahan received an increase in votes by violating Hawaiʻi's electioneering law (HRS § 11-132 (2009)) and "work[ing] together for votes" with Cachola.

5. Han alleges that: (a) Manahan violated HRS § 11-

132 by displaying campaign posters less than two hundred feet from two polling places on the day of the election; (b) Manahan violated HRS § 11-132 by "purposefully le[aving] his campaign signs within the 200 foot perimeter of two polling areas to influence the approximately 40% undecided voters;" and (c) the "unusually high amount of absentee ballots in Representative District Precinct 30-02 . . . may indicate voter fraud in District 7".

6. Han seeks the following relief: (a) Judgment ordering that Han's name appear on the ballot for the November 6, 2012 general election; (b) Judgment ordering the Office of Elections to review and compare the absentee voter names for the absentee votes that Manahan and Cachola received from Representative District Precinct 30-02; (c) Judgment ordering the Office of Elections to review the absentee ballots for the absentee votes that Manahan and Cachola received from Representative District Precinct 30-02 for actual signatures compared to an "X" marking; (d) Judgment ordering that the absentee voters from Representative District Precinct 30-02 who voted for Manahan and Cachola be interviewed "to determine if their ballots were handled correctly or if there was any coercion by any public official or persons acting on behalf of a public official;" (e) Judgment ordering that the absentee ballots from Representative Precinct 32-02 be reviewed and recounted; (f)

-3-

Judgment finding that Manahan and Nago violated HRS § 11-132; and (g) "[O]ther judicial determinations and orders necessary to effectuate Defendant Manahan and Defendant Nago's responsibility in the violation of HRS § 11-132."

7. Defendant Nago moved to dismiss the complaint for failure to name a necessary and indispensable party and failure to state a claim upon which relief can be granted.

8. Defendants Manahan and Cachola were served with the complaint and summons on August 24, 2012 and August 25, 2012, respectively. The time for them to respond has not yet expired but neither response is necessary to the resolution of the election complaint.

CONCLUSIONS OF LAW

1. HRS § 11-172 provides that a copy of the complaint for an election contest "shall be delivered to the chief election officer or the clerk in the case of county elections."

2. HRCP Rule 19(a)(1) provides that "[a] person who is subject to service of process shall be joined as a party in the action if [] in the person's absence complete relief cannot be accorded among those already parties[.]"

3. An election for councilmember for the Honolulu City Council is a county election administered by the city clerk for the City and County of Honolulu. The city clerk for the City and County of Honolulu is, therefore, a necessary and indispensable

party who should have been named as a defendant and served with a copy of the complaint. The record, however, is devoid of any evidence that the city clerk for the City and County of Honolulu was named a defendant and served with a copy of the complaint and summons.

4. Even if the city clerk for the City and County of Honolulu was named or joined as a defendant and served with a copy of the complaint, the complaint fails to state claims upon which relief can be granted.

5. When reviewing a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept plaintiff's allegations as true and view them in the light most favorable to the plaintiff; dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. AFL Hotel & Restaurant Workers Health & Welfare Trust Fund v. Bosque, 110 Hawai'i 318, 321, 132 P.3d 1229, 1232 (2006).

6. A complaint challenging the results of a primary election pursuant to HRS § 11-172 fails to state a claim unless the plaintiff demonstrates errors, mistakes or irregularities that would change the outcome of the election. Tataii v. Cronin, 119 Hawai'i 337, 339, 198 P.3d 124, 126 (2008); Akaka v. Yoshina, 84 Hawai'i 383, 387, 935 P.2d 98, 102 (1997); Funakoshi v. King,

65 Haw. 312, 317, 651 P.2d 912, 915 (1982); <u>Elkins v. Ariyoshi</u>, 56 Haw. 47, 48, 527 P.2d 236, 237 (1974).

7. A plaintiff challenging a primary election must show that he or she has actual information of mistakes or errors sufficient to change the result. <u>Tataii v. Cronin</u>, 119 Hawaiʻi at 339, 198 P.3d at 126; <u>Akaka v. Yoshina</u>, 84 Hawaiʻi at 388, 935 P.2d at 103; <u>Funakoshi v. King</u>, 65 Haw. at 316-317, 651 P.2d at 915.

8. It is not sufficient for a plaintiff challenging an election to allege a poorly run and inadequately supervised election process that evinces room for abuse or possibilities of fraud. An election contest cannot be based upon mere belief or indefinite information. <u>Tataii v. Cronin</u>, 119 Hawaiʻi at 339, 198 P.3d at 126; <u>Akaka v. Yoshina</u>, 84 Hawaiʻi at 387-388, 935 P.2d at 102-103.

9. Taking Han's allegations as true and viewing them in the light most favorable to him, it appears that Han can prove no set of facts that would entitle him to relief inasmuch as Han has failed to present specific acts or "actual information of mistakes or error sufficient to change the results of the election."

10. Possible electioneering at two polling places on the day of the election, which Han admits were rectified by mid-morning, does not amount to actual information of mistakes or

-6-

errors sufficient to change the primary election results for the District 7 seat on the Honolulu City Council.

11. The possibility that Manahan's campaign signs within the 200 foot perimeter of two polling areas may have influenced approximately 40% of the undecided voters and the possibility that an unusually high amount of absentee ballots in Representative District Precinct 30-02 may indicate voter fraud do not demonstrate that the results of the primary election for the District 7 seat on the Honolulu City Council would have changed.

12. According to HRS § 11-173.5(b), in a primary election challenge, the supreme court has authority to decide which candidate was nominated or elected. Funakoshi v. King, 65 Haw. at 316, 651 P.2d at 914.

13. Under the circumstances of this case, Han is not entitled to the remedies he seeks.

JUDGMENT

Based upon the foregoing findings of fact and conclusions of law, judgment is entered dismissing the complaint. Joey Manahan received 51.0% of the votes for the District 7 seat on the Honolulu City Council in the August 11, 2012 election and is automatically deemed elected.

The clerk of the supreme court shall forthwith serve a certified copy of this judgment on the chief election officer and

city clerk in accordance with HRS § 11-173.5(b).

DATED: Honolulu, Hawai'i, August 27, 2012.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

